✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

WESTERN District of NORTH CAROLINA

UNITED STATES OF AMERICA
v.
DANIEL SCOTT HOPPER
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:10 cr 16-1

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

- X (1) There is probable cause to believe that the defendant has committed an offense
  - X for which a maximum term of imprisonment of ten years or more is prescribed in 19 U.S.C. § 924C.
  - under 18 U.S.C. § 924(c).
- X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____    _____
Date                                                  *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10 cr 16-1

UNITED STATES OF AMERICA,

Vs.                                                             ADDENDUM TO
                                                                               DETENTION ORDER

**DANIEL SCOTT HOPPER.**

_____

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II.                                          FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a crime of violence and a firearm. The defendant is charged with committing the crime of bank robbery which is a violent felony and in so doing using a firearm, that being a Ruger 9 mm pistol.

**(g)(2):** The weight of the evidence against the person appears to be strong, compelling and significant. The defendant has admitted that he committed the crimes described in the bill of indictment. Further, witnesses have described the defendant as having been the person who committed the crimes and lastly, a video was made of the offense showing the defendant committing the crimes.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, he has had employment but is now totally disabled and receiving disability benefits. The defendant's financial resources consists of disability benefits. The defendant has broken his left leg four times and has had five back surgeries. The defendant was further hit by a train at age seven and sustained a severe head injury. The defendant reports treatment for bi-polar and depression. The defendant has a long length of residence in the Cleveland County community. The defendant's criminal history shows the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while intoxicated, no liability insurance, failure to stop for siren or red light, operating a vehicle with no license | 08/17/78 |
| No liability insurance | 03/17/80 |
| Driving while impaired, FL | 07/07/86 |

The defendant has numerous traffic violations, mostly for speeding.

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as he is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was arrested on November 12, 2009 and charged in state court with robbery with a dangerous weapon and operating a vehicle with a fictitious or altered registration tag. The defendant was indicted and charged with the offenses contained in that bill of indictment based upon the same factual allegations as the state charges. The defendant had been released on bond on the state charges when he was arrested on the federal charges.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. From testimony of FBI Special Agent Ernest Mathis, the evidence shows that the defendant used a 9 mm loaded Ruger pistol to rob the First National Bank on November 12, 2009 in Shelby, NC. The defendant went into the bank, pulled out a bag and a firearm and pointed the firearm at the teller and told the teller that he wanted money and if she gave him money that contained a dye pack that he would come back and kill her and everyone in the bank. The defendant took the money and dye pack and placed them in his car and attempted to leave. The dye pack then exploded putting dye on the defendant and the interior of his car and on the firearm. The defendant has attempted suicide on two separate occasions. It is the opinion of his sister that the defendant committed the offense described in the bill of indictment in an attempt to commit suicide by crime. The defendant has presented an excellent custodian, but it is the opinion of the court, based upon the extremely violent nature of the acts committed by the defendant on November 12th and the fact that the defendant has attempted suicide on two previous occasions, that the release of the defendant would create a risk of harm or danger to any other person or the community. As a result of the foregoing, the undersigned has determined to enter an order detaining the defendant pending further proceedings in this matter.

During oral argument, the government conceded that the release of the defendant would not create a risk of flight on his part and therefore the defendant is not being detained by the undersigned as the result of any consideration of risk of flight.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: February 28, 2010

Dennis L. Howell
United States Magistrate Judge